**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
DONALD NICHOLS,                     :
                                    :   Civil Action No. 11-7034 (AET)
           Petitioner,              :
                                    :
     v.                             :   **MEMORANDUM OPINION**
                                    :              **AND ORDER**
MR. WARREN,                         :
                                    :
           Respondent.              :
_____ :

IT APPEARING THAT:

1.   Petitioner submitted a habeas petition ("Petition") executed pursuant to 28 U.S.C. § 2241.  See Docket Entry No. 1.  The petition arrived unaccompanied by Petitioner's filing fee or his in forma pauperis application.  See id.

2.   This Court, therefore, denied Petitioner in forma pauperis status without prejudice and directed Petitioner to cure that deficiency.  In addition, the Court stated as follows:

> [the] Petition suggests that [Petitioner] wishes to challenge the Bureau of Prisons' choice of the facility of Petitioner's confinement. . . . Petitioner maintains that he entered his guilty plea on condition of being housed in a state - rather than a federal - prison facility.  Although it is self-evident that Petitioner is now (and was in the past) housed in state facilities, he seems to challenge the brief periods of his past housing in federal facilities, framing these challenges as attacks on the validity of Petitioner's plea.  See Nichols v. Symmes, 553 F.3d 647 (8th Cir. 2009).  So stated, Petitioner's challenges - regardless of being packaged in Section 2241 petitions - have been

> consistently construed as Section 2255 challenges attacking his conviction and the guilty plea underlying that conviction. See Nichols v. Symmes, 553 F.3d 647. So construed, these challenges have been consistently dismissed by federal courts of district and appellate levels. See id. . . . Petitioner now strives to frame his Section 2241 challenges solely as claims attacking the Bureau of Prisons' choice of the facilities where Petitioner is confined (or was confined). However, since Petitioner keeps systemically referring to his guilty plea and, in addition, he keeps asserting that the terms of his conviction are not met, the Court finds it warranted to allow Petitioner an opportunity to clarify the precise claim(s) he wishes to litigate.

Docket Entry No. 2, at 4-5 (citations to docket omitted).

3. In response, Petitioner paid his filing fee and submitted his amended pleading ("Amended Petition") clarifying his position. See Docket Entry No. 3. The Amended Petition asserted challenges virtually indistinguishable from those raised in the original Petition, detailing Petitioner's position that his plea must be invalidated on the grounds that he was housed in certain federal correctional institutions during certain short periods of time. See id.

4. Habeas Rule 4 requires a judge to sua sponte dismiss a petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Thus, "[f]ederal

courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); see also Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985) ((dismissal without the filing of an answer is warranted when "it appears on the face of the petition that petitioner is not entitled to [habeas] relief"), cert. denied, 490 U.S. 1025 (1989); accord United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [petitioner] to [habeas] relief").

5. To the extent Petitioner is challenging his plea agreement, his Amended Petition raises Section 2255 challenges subject to dismissal for lack of § 2241 jurisdiction. The Court of Appeals already explained the same to Petitioner when: (a) Petitioner raised this very challenge in Nichols v. United States ("Nichols-I"), Civil Action No. 1-3681 (PGS) (D.N.J.); (b) Judge Peter G. Sheridan dismissed that challenge for lack of § 2241 jurisdiction, see Nichols v. United States, 2011 U.S. Dist. LEXIS 85951 (D.N.J. Aug. 3, 2011); and (c) the Court of Appeals affirmed Judge Sheridan's determination. See Nichols v. United States, 2012 U.S. App. LEXIS 7144 (3d Cir. Apr. 10, 2012) (extensively detailing invalidity of Petitioner's position).[1]

6.  To the extent Petitioner is challenging his past temporary transfers to federal correctional facilities, that challenges are subject to dismissal as moot[2] or, in alternative, for lack of habeas jurisdiction. See Ganim v. Federal Bureau of Prisons, 235 F. App'x 882 (3d Cir. 2007) (challenge to transfer from one correctional facility to another is not a claim cognizable in habeas).

IT IS, therefore, on this  1st  day of   October  , 2012,

ORDERED that the amended petition, Docket Entry No. 3, is dismissed for lack of jurisdiction or, in the alternative, as moot; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail; and it is finally

---

[1] This Court notes that Petitioner's persistent attempts to relitigate already litigated challenges might be construed as abuse of the writ and warrant sanctions against Petitioner, if appropriate. See Millhouse v. Zickefoose, 440 F. App'x 94, 95 (3d Cir. 2011) ("The District Court determined that [Petitioner's] claims again challenged the fact of his conviction, and dismissed the petition for lack of jurisdiction. It further concluded that the petition constituted an abuse of the writ because [Petitioner] had raised the same claims in prior § 2241 petitions"), cert. dismissed, 132 S. Ct. 440 (2011).

[2] Petitioner is and has been long housed in a state facility, including at the time of his filing of the original Petition. See, generally, Docket; compare Beshaw v. Fenton, 635 F.2d 239, 242 n.2 (3d Cir. 1980) (determining mootness of petitioner's challenges in light of the petitioner's place of confinement at the time of his filing of the petition).

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED."

/s/Anne E. Thompson
**ANNE E. THOMPSON,**
**UNITED STATES DISTRICT JUDGE**